**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                             **CRIMINAL ACTION NO. 2:13cr4**
                                                         **Judge Bailey**

**WILLIAM TRENT RICHARDSON,**

        **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION
DENYING DEFENDANT'S MOTION TO SUPPRESS**

Pending before this Court is the Report and Recommendation (Doc. 39) issued by Magistrate Judge John S. Kaull on April 11, 2013. This Court, having reviewed the defendant's Motion to Suppress (Doc. 25), the United States' Objection to Defendant's Motion to Suppress (Doc. 26), the Report and Recommendation (Doc. 39), the defendant's Objections to the Report and Recommendations/Opinion of the Magistrate (Doc. 51), and the transcript of the evidentiary hearing before Magistrate Judge Kaull, does adopt the Report and Recommendation for the following reasons:

The testimony reveals that on September 13, 2012, Upshur County Deputy Sergeant Marshall Powers, Upshur County Deputy Corporal Dewaine Linger, Upshur County Deputy Theron Caynor, and State Police Senior Trooper V.J. Pyles went to the defendant's residence to inquire about seemingly excessive purchases of pseudoephedrine, a necessary ingredient of methamphetamine. These purchases were reported to Sgt.

1

Powers from the Board of Pharmacy through the State Police Bureau of Criminal Investigation.

The officers arrived at defendant's single wide trailer at approximately 10:00 p.m. The trailer was located about 15 feet from an unpaved road off of Route 20, in an area with eight or nine trailers.

Sgt. Powers went to the front door and knocked, but no one answered the door. Sgt. Powers could smell the "very strong" and "distinctive" odor of a meth lab, that if not active had just been active.[1] Even though no one answered the door, Sgt. Powers could hear footsteps from inside the trailer and noted that there were lights on inside the trailer.

At that time, Trooper Pyles joined Sgt. Powers on the front porch. He could also smell the odor of a meth lab.[2] Trooper Pyles testified that the odor was fairly strong, strong enough to make his throat itch a little bit.

At that time, Sgt. Powers received a cell phone call from Corp. Linger, who was stationed at the rear of the trailer. Corp. Linger reported that he saw an individual hunkering down behind a counter and hiding jars in a kitchen cupboard. Corp. Linger felt that he was trying to hide evidence. Corp. Linger also testified that he recognized the distinctive odor of a meth lab, which he felt was an active lab.[3]

At that time, the officers at the front door decided to make entry into the trailer in

---

[1] Sgt. Powers was a twelve year veteran of the Sheriff's Department and had smelled a dozen meth labs. He was not clandestine lab certified.

[2] Senior Trooper Pyles was a five year veteran of the State Police and was clan lab certified. He had smelled the odor in 50 meth lab investigations.

[3] Corp. Linger is an 8 ½ year veteran of the Sheriff's Department and had smelled 20 meth labs. He is not clan lab certified.

order to ascertain who all was in the trailer and to get them out for their safety. The officers were concerned for the safety of the persons inside the trailer as well as the officers on the scene.

Upon entry, the officers found the defendant and co-defendant Kristin Dye. Both were detained, removed from the trailer, and placed in separate police cruisers.

At that time, Trooper Pyles left to obtain a search warrant for the trailer. Trooper Pyles testified that he did not feel that he had probable cause to seek a warrant until the officers smelled the meth lab and they saw the defendant attempting to secrete items in the trailer. Upon executing the search warrant, the officers found no active labs, but did find four or five bottles that had been active so recently that when they were brought out to the porch they started regenerating and smoking, as well as a loaded pistol.

In objecting to the Report & Recommendation, the defendant claims that the claimed bases for an exigent entry into the trailer are not sufficient. Defendant argues that to protect the occupants of the trailer is insufficient under **United States v. Williams**, 2013 WL 1189245 (4th Cir. March 25, 2013). Defendant also argues that there was no danger to the officers, since they could avoid being close to the residence. Finally, defendant argues that since the officers did not observe any occupants pouring items down a drain or flushing them down a commode and since the items were being placed into a cupboard, the items would be present after a warrant was obtained.

"The Fourth Amendment of the Constitution of the United States protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.' U.S. Const. amend. IV. As the Supreme Court has recognized, the 'physical entry of the home is the chief evil against which the wording of

the Fourth Amendment is directed.' ***Welsh v. Wisconsin***, 466 U.S. 740, 748 (1984) (internal quotation marks omitted).  Thus, '[i]t is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.' ***Payton v. New York***, 445 U.S. 573, 586 (1980) (internal quotation marks omitted).  The Court has explained, however, that this 'presumption may be overcome in some circumstances because the ultimate touchstone of the Fourth Amendment is "reasonableness."' ***Kentucky v. King***, __ U.S. __, 131 S.Ct. 1849, 1856 (2011) (internal quotation marks and alteration omitted).  Accordingly, the Court has identified certain 'narrow and well-delineated exceptions to the warrant requirement.' ***Flippo v. West Virginia***, 528 U.S. 11, 13 (1999)." ***United States v. Jones***, 667 F.3d 477, 482 (4th Cir. 2012).

Magistrate Judge Kaull's excellent opinion recommending denial of the Motion to Suppress contains the law governing the existence of exigent circumstances, and this Court sees no reason to restate that law and the conclusion emanating therefrom in this Order.  The Magistrate Judge's Report and Recommendation is adopted *in toto* and incorporated by reference herein.

This Court also finds an additional reason to deny the Motion to Suppress, based upon the fact that when the officers entered the trailer, they seized nothing from the trailer at that time, but instead got the people out of the trailer, checked for other occupants, and went outside.  They removed nothing from the trailer.  They then waited about an hour for a search warrant.  An examination of the search warrant reveals that after excision of the "Several items consistent with the manufacture of methamphetamine where (*sic*) observed

4

in plain view" from the warrant, there remains sufficient evidence to support a finding of probable cause. See **United States v. Karo**, 468 U.S. 705, 719 (1984); **United States v, Allen**, 631 F.3d 164, 173 (4th Cir. 2011); **United States v. Moses**, 540 F.3d 263 (4th Cir. 2008).

In this case, the detection of the odor of a methamphetamine cook by officers trained or experienced with the odor, coupled with the activity of the occupant in actively hiding or destroying materials and the fact that most of the windows of the trailer were covered, all of which was observed before the entry, would provide sufficient probable cause for the search warrant. See **United States v. Shuck**, 713 F.3d 563 (10th Cir. 2013), a case with remarkably similar facts. Accordingly, all items seized in connection with the execution of the warrant are admissible.

For the reasons stated above, this Court **ADOPTS** the Report and Recommendation of the Magistrate Judge **(Doc. 39)**. The defendant's Motion to Suppress (**Doc. 25**) is **DENIED**. The defendant's Objections to the Report and Recommendations/Opinion of the Magistrate **(Doc. 51) are OVERRULED**.

It is so **ORDERED**.

The Clerk is directed to transmit certified copies of this Order to the defendant and all counsel of record.

**DATED**: May 30, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE